STATE, PIERSON, COLLECTOR OF ESSEX COUNTY, PROSE-
CUTOR, v. WILLIAMS, COLLECTOR OF ORANGE.

1. Under the supplement to the Essex public road board act, approved April 4th, 1872, Orange may be required to pay its quota of the cost of the public improvement before the entire work is completed.
2. The cost and expense of the work must be raised and paid by the city of Orange to the county before the road board can certify the amount to the city board of assessments, as a foundation for making the assessment upon the lands benefited.

---

On rule to show cause for *mandamus*.

Argued at February Term, 1879, before Justices VAN SYCKEL, KNAPP and DIXON.

For the relator, *J. W. Taylor.*

For the defendant, *J. L. Blake.*

The opinion of the court was delivered by

VAN SYCKEL, J.   By a supplement to the Essex public road board act, approved April 4th, 1872, (*Pamph. L., p.* 1269, § 1,) the said road board was empowered to macadamize, according to the Telford process, the carriage way of Park avenue, from the Newark city line to the summit of the first mountain, the cost thereof, including all expenses connected therewith, to be assessed and paid in the same manner as provided in said road board act in respect to the laying out, opening and constructing of the said avenue, provided, however, that such part of said costs and expenses as shall be raised and paid in the city of Orange, shall be certified by said board unto the board of assessments of said city, and shall thereupon be assessed and collected, and shall be a lien upon lands and real estate in the same manner as assessments for laying out and opening streets in said city are or shall be made.

The mode of raising money to pay for the costs of laying out, opening and constructing avenues is prescribed by the seventh section of the supplement of February 16th, 1870, (*Pamph. L., p.* 181,) as follows:

"The money necessary to pay the costs and expenses of executing this act, and of the laying out, opening and constructing the said avenues, and also the amounts of rebates allowed upon assessments for benefits, as hereinafter provided, together with the interest on said several moneys, shall be paid in ten annual instalments, one-half thereof by the county of Essex, to be raised by county tax in the same manner as other county taxes are raised in said county, and the other half by the several cities, towns and townships in or through which the several avenues pass, to be levied and collected by the same officers, in the same manner and at the same time that the other city, town and township taxes are levied and

collected; but the officers so collecting said moneys shall pay the same to the county collector under the same provisions and regulations as county moneys are now paid by them to the county collector."

That part of Park avenue within the limits of Orange has been macadamized, but the work has not been completed through the entire length of the avenue. The amount due from Orange to the county of Essex, for its proportion of the cost of this work, is the sum of $2966.75, which the collector of Orange refuses to pay to the county collector. A *mandamus* is applied for to compel the payment to be made.

This application is resisted on two grounds: *First*. That the improvement has not been completed, and that Orange should not be required to pay its quota until it receives the benefit which will flow from the entire work. *Second*. That if the work is done so far as to make Orange liable for its share of the cost, it must be assessed upon and collected out of the lands and real estate benefited in Orange, according to section one of the act of April 4th, 1872, above recited.

By the act last mentioned the scheme provided for raising the money to pay for the cost of macadamizing was the same as that which existed at the time of the passage of that act in respect to laying out, opening and constructing avenues.

The seventh section of the supplement of February 16th, 1870, makes Orange liable for one-half the costs of this work, to be assessed and collected as other city, town and township taxes are levied and collected, and to be paid over to the county collector of Essex, according to the requirement of the general tax laws of the state.

The first objection made by the defendant to granting the relief asked for, is met by a supplement to the road board act, approved March 17th, 1870, (*Pamph. L., p.* 714, § 3,) which provides that "it shall be lawful for the said board to lay out and construct said avenues, or any of them, in sections of so much of said avenues, or any of them, as is embraced in any city, town or township; and any of said sections may, in the discretion of the board, be first laid out and constructed, and

the damages for land and property taken therefor may be appraised, and the benefits assessed and collected in pursuance of the said supplement before the residue of any of the said avenues shall be constructed or worked."

This provision for assessing in sections for the work of laying out and constructing avenues, having been in force at the time of the passage of the supplement of April 4th, 1872, applies under the language used in the latter act to the cost of macadamizing, the expense of which is to be assessed and paid in the same manner as provided by law in respect to laying out and opening. The manner includes the stages of the work at which the assessment may be made as well as the proportion in which the burden shall be distributed.

A portion of the work of macadamizing having been completed, the road board, in the exercise of its discretion, had the right to call upon Orange for its share of the cost.

The second objection is equally untenable.

The seventh section of the act of February 16th, 1870, establishes the right of the county to call upon the collector of Orange for the sum in arrear, and it must be assessed as therein provided, and paid over to the county collector. The county is not obliged to resort to the lands benefited by the public undertaking; with them it has no concern, and no machinery has been provided by the road board act for enforcing any such claim on the part of the county against individual land owners.

The proviso in the first section of the supplement of April 4th, 1872, in nowise limits or impairs the duty imposed upon Orange to pay its quota to the county. The object of that proviso is simply to furnish a mode by which Orange may be reimbursed the sums which shall be advanced to the county. The language is clear to express this intention—"provided, however, that such part of said cost and expenses as shall be raised and paid in the city of Orange, shall be certified by said road board unto the board of assessments of said city, and shall thereupon be assessed and collected, and shall be a lien upon lands and real estate in the same manner as assessments

for laying out and opening streets in said city are or shall be made."

The cost and expense must be raised and paid by the city to the county before the road board can certify the amount to the city board of assessments, as a foundation for making the assessment upon the lands benefited. When the city succeeds in collecting these expenses out of the lands, the sums so made will be held in the city treasury in case of subsequent tax levies.

The *mandamus* should issue.